UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PEN PAL, LLC,

        **Plaintiff,**

v.                                      Civil Action 2:23-cv-2871
                                         Judge Sarah D. Morrison
                                         Magistrate Judge Chelsey M. Vascura

SAHAR MIZRA,

        **Defendant.**

## OPINION AND ORDER

Plaintiff, Pen Pal, LLC, brings this action against Defendant, Sahar Mizra, doing business as Pen Patrol, for trademark infringement, unfair competition, deceptive practices, and patent infringement under the Lanham Act, the U.S. Patent Act, and the Ohio Deceptive Trade Practice Act. This matter is before the Court on Plaintiff's Motion to Appoint Emily Ring as Special Process Server to Serve Sahar Mizra by Mail in Israel (ECF No. 8). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART**.

Plaintiff's Motion seeks appointment of a special process server pursuant to Rule 4.5(B)(5) of the Ohio Rules of Civil Procedure to serve Ms. Mizra, an individual residing in Israel, by United States Post Office International Mail, Global Express Guaranteed. However, the Ohio Rules of Civil Procedure have no application in federal litigation to service of an individual in a foreign country. Instead, service of Ms. Mizra is governed by Federal Rule of Civil Procedure 4(f), which provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Both the United States and Israel are signatories to the Hague Service Convention, and therefore Plaintiff may serve Ms. Mizra by providing a translated copy of the summons and Complaint to Israel's Central Authority pursuant to the Hague Service Convention and Rule 4(f)(1). However, Plaintiff's Motion is supported by an affidavit by Emily Ring, a paralegal for Ancillary Legal Corporation, a company that serves international legal process. Ms. Ring avers that service pursuant to the Hague Convention's central authority procedures can take up to six months. (Ring Aff. ¶ 4., ECF No. 8-1.) Plaintiff would therefore prefer to serve Ms. Mizra via international mail.

"[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second,

service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). Section 10(a) of the Hague Service Convention permits service of individuals by mail and Israel has not objected to this section. *See NorthStar Moving Holding Co., Inc. v. Northstar Movers*, No. 0:19-CV-62176-WPD, 2019 WL 9093463, at *1 (S.D. Fla. Dec. 17, 2019) (quoting *Treeline Inv. Partners, LP v. Koren*, No. 07 Civ. 1964 (DLC), 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007) ("Since Israel has not objected to Article 10(a) of the [Hague] Convention, service through international registered mail remains an acceptable method of serving [the defendant], an individual defendant who resides in Israel."). Moreover, service by mail is authorized by otherwise-applicable law in the form of Rule 4(f)(2)(C)(ii), which permits "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Both conditions set forth in *Water Splash* for the use of mail service are therefore satisfied.

However, Plaintiff's request to issue service via appointment of a special process server (*i.e.*, Emily Ring of Ancillary Legal Corporation) is not well taken. Rule 4(f)(2)(C)(ii) makes clear that mail service must be issued by the Clerk of Court, not by a private process server. *See Jones v. Invasix Inc.*, No. 3:19-CV-0860, 2020 WL 2542603, at *7 (M.D. Tenn. May 19, 2020) (quoting Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.)) ("The rule requires that the mail must be addressed and sent to the party to be served by the clerk of the court. Service by mail is improper, therefore, if addressed and dispatched by the plaintiff."). Although mail service via private process server might be permissible under Rule 4(f)(3), which permits service by any means not prohibited by international agreement and as ordered by the Court, the undersigned finds no grounds to depart from this Court's preference that mail service be issued by the Clerk. *See* S.D. Ohio Civ. R. 4.2.

Accordingly, Plaintiff's request to appoint Emily Ring as a special process server is **DENIED**. However, Plaintiff's request to serve Ms. Mizra via international mail is **GRANTED**. Plaintiff must provide the Clerk of Court with a United States Post Office International Mail, Global Express Guaranteed envelope addressed to Ms. Mizra and shall place a copy of the summons, complaint, and any attachments in the envelope. Plaintiff must also provide the Clerk with any completed forms necessary to obtain a return receipt, showing the name of the sender as "Clerk, United States District Court, Southern District of Ohio" at 85 Marconi Blvd., Columbus, OH, 43215. Plaintiff shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE