UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PEN PAL, LLC,

      **Plaintiff,**

  v.                                  **Civil Action 2:23-cv-2871**
                                         **Judge Sarah D. Morrison**
SAHAR MIZRA,                     **Magistrate Judge Chelsey M. Vascura**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Alternative Service. (ECF No. 17.) For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

### I.    BACKGROUND

Plaintiff, Pen Pal, LLC ("Pen Pal"), brings this action against Defendant, Sahar Mizra, doing business as Pen Patrol, for trademark infringement, unfair competition, deceptive practices, and patent infringement under the Lanham Act, the U.S. Patent Act, and the Ohio Deceptive Trade Practice Act. Defendant is located in Israel. On December 12, 2023, the Court granted, in part, Plaintiff's Motion for Appointment of Process Server and allowed Plaintiff to request service on Defendant by international mail. (ECF No. 9.) Plaintiff's attempt to serve process by international mail failed, and on March 31, 2024, Plaintiff was ordered to file a written report detailing the status of service of process over Defendant. (ECF No. 11.)  In response to that Order, Plaintiff reported that in addition to attempting service via international mail, Plaintiff "provided a translated copy of the summons and Complaint to Israel's Central

Authority pursuant to the Hague Service Convention as described under Rule 4(f)(1). After Israel's Central Authority attempted service, the Central Authority reported that it was unable to effect service because '[t]he recipient is unknown at the provided address.'" (Status Report on Service on Defendant 1, ECF No. 12.) Plaintiff also engaged a private investigator in Israel to determine Defendant's correct address, which effort did not succeed. (*Id.*) Plaintiff further reported that it was trying to engage another investigator to determine Defendant's address. (*Id.*)

The Court then granted Plaintiff until July 5, 2024, to perfect service over Defendant. (ECF No. 13.) On July 19, 2024, Plaintiff filed another status report detailing its further efforts to serve Defendant. (ECF No. 15.) Plaintiff reported that in April 2024, Plaintiff engaged a private investigator to locate Defendant. (*Id.*) The investigator determined that Defendant does not maintain any public profiles associated with her personal or business identity, and that the property associated with Defendant had been listed for sale on September 7, 2023, which coincided with a court judgment against her. (*Id.*) The real estate agent for that property stated that Defendant was not currently residing at that address but refused to provide Defendant's forwarding address. (*Id.*) Plaintiff further reports that in June 2024, it contacted several law firms in Israel to assist with service upon Defendant, but those firms either failed to respond or declined to assist Plaintiff. (*Id.*) In response to Plaintiff's status report, the Court granted Plaintiff until August 5, 2025, to move for alternative service, (ECF No. 16), which Plaintiff filed on July 29, 2024. (ECF No. 17.)

Plaintiff requests that the Court authorize service process over the Defendant by: (1) publishing a notice in a widely circulated newspaper in the geographic area of Defendant's last known address; (2) serving the Summons and Complaint upon her real estate agent who

2

knows her forwarding address; or (3) any other alternative service procedure that the Court deems appropriate. (ECF No. 17.)

## II. ANALYSIS

**A.  Federal Standards Governing Service on Corporations**

Service requirements for individuals in foreign countries are governed by Federal Rule of Civil Procedure 4(f):

> (h) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Accordingly, a plaintiff may effect service of process on an individual outside the United States by complying with international law, including the Hague Convention,[1] as prescribed by the law of the foreign country for services of process, or by obtaining an order from the Court to effect service by alternative means.

"The preferred method for service of a foreign party is service pursuant to the methods authorized by the Hague Convention." *Rauh v. Zheng,* No. 5:23-cv-2272, 2023 WL 8781731, at *2 (N.D. Ohio Dec. 19, 2023) (citing Fed. R .Civ. P. 4(f)(1)). Furthermore, "the Hague Convention is the exclusive method of effecting service between signatories to the convention." *Midmark Corp. v. Janak Healthcare Priv. Ltd.,* No. 3:14–cv–088, 2014 WL 1764704, at *1 (S.D. Ohio May 1, 2014) (citing *Kreimerman v. Casa Veerkamp S.A. de C. V.,* 22 F.3d 634, 643–44 (5th Cir. 1994)). Pen Pal tried to serve process through the methods set forth by the Hague Convention, but those attempts failed, because Ms. Mizra was not at the address provided by Pen Pal. Pen Pal then made substantial efforts to determine Ms. Mizra's correct address, as described above, but has been unable to do so. Therefore, although the United States and Israel are both signatories to the Hague Convention, *see, e.g.*, *Treeline Inv. Partners, LP v. Koren*, No. 07 Civ.1964(DLC), 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007), the Hague Convention does not apply, because Defendant's address is unknown. *See* Hague Convention, Art. I, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known.").

Under Rule 4(f)(3), it is within the court's discretion to direct alternative service by other means not prohibited by international agreement. The court should, in exercising that discretion,

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), 20 U.S.T. 361, T.I.A.S. No. 6638.

"require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *Rauh v. Zheng*, 2023 WL 8781731, at *2 (citing *Midmark Corp. v. Janak Healthcare Priv. Ltd* 2014 WL 176704, at *1). Plaintiff's request for alternative service is well taken, because Plaintiff has shown that it has made several reasonable, unsuccessful attempts to serve Ms. Mizra and that court intervention is necessary. But even if alternative service is permitted, the "the Court must determine whether the chosen method comports with constitutional notions of due process, namely that the service of process be 'reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (quoting *Studio A Entm't, Inc. v. Active Distributors, Inc.,* No. 1.06CV2496, 2008 WL 162785, at *3 (N.D. Ohio Jan. 15, 2008)).

Plaintiff requests to serve Ms. Mizra via publication in a widely circulated newspaper in the geographic area of Ms. Mizra's last known address in Israel. Courts have authorized various methods of alternative service under Rule 4(f)(3), including service by publication. *See, e.g.*, *SEC v. Tome,* 833 F.2d 1086 (2d Cir.1987); *List v. Carwell*, No. 18-cv-2253, 2018 WL 6787662 (D. Minn. Dec. 26, 2018); *U.S. Commodity Futures Trading Comm'n v. Majestic Enters. Collison Repair, Inc.*, No. 4:10-cv-2287, 2011 WL 767890 (N.D. Ohio Feb. 28, 2011); *Smith v. Islamic Emirate of Afghanistan*, No. 01 CIV 10132 , 2001 WL 1658211 (S.D.N.Y. Dec.26, 2001)). The Court has found no indication that service by publication in Israel is prohibited by any international agreement.

The undersigned is satisfied that Plaintiff should be permitted to serve Ms. Mizra by publication. However, Plaintiff has provided no details on how service by publication will be accomplished. Thus, the undersigned cannot now determine whether such publication would comport with due process. Plaintiff has not identified the publication or publications in which the notice will appear or the general circulation of those papers, how long the notice will appear, the contents of the notice, or how Ms. Mizra, once given notice of the complaint through publication, will be able to locate and obtain a copy of the complaint against her. *See, e.g.*, *S.E.C. v. Tome*, 833 F.2d at 1091 (finding that publication in *The International Herald Tribune* for four successive weeks was sufficient); *List v. Carwell*, 2018 WL 6787662, at * 5 (finding that publication on Sunday for four consecutive weeks in *The Province*, one of two major newspapers of general circulation in British Columbia, was "reasonably calculated under all of the circumstances to apprise [defendant] of the pendency of this action"); *Majestic Enters. Collision Repair, Inc.*, 2011 WL 767890, at *3 (finding that publication of a summons directed to defendant, along with the website address where the complaint is posted, once a week for four weeks in the *Youngstown Vindicator—a* newspaper widely circulated in the area of defendant's last known address—satisfied due process); *Smith v. Isalamic Emirate of Afgahnistan*, 2001 WL 1658211, at *3 (finding that publication in several identified Afghani and Pakistani papers and several broadcasters, satisfied due process for service upon Osama Bin Laden). Plaintiff must provide the details of its proposed service of Ms. Mizra before the Court can direct such service under Rule 4(f)(3).[2]

---

[2] Because the undersigned agrees that Plaintiff may serve Ms. Mizra via publication, there is no need to address Plaintiff's alternative request that the Court authorize service upon Ms. Mizra's real estate agent, which request was undeveloped in Plaintiff's Motion.

### III. DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Service of Process on Defendant (ECF No. 17) is **DENIED WITHOUT PREJUDICE**. Plaintiff's request for service via publication will, however, be granted if Plaintiff submits a renewed motion that provides sufficient details such that Court can order service via publication in a manner that is reasonably calculated under all of the circumstances to apprise Ms. Miszra of the pendency of this action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE